**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE ENDOCRINE SOCIETY,

               *Plaintiff*,

               v.

FEDERAL TRADE COMMISSION, *et al.*,

               *Defendants*.

Case No. 1:26-cv-00512-JEB

**NOTICE OF SUPPLEMENTAL AUTHORITY**

The Endocrine Society respectfully notifies this Court of the Supreme Court's decision today in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S. Apr. 29, 2026) (attached as Exhibit A). *First Choice* concerned a New Jersey "subpoena on a nonprofit organization demanding the identities of its financial supporters." Op. 1. The nonprofit filed suit "seeking to prevent the Attorney General from enforcing his document demands." *Id.* at 3. The Supreme Court concluded that First Choice "ha[d] established a present injury" sufficient for Article III standing by asserting that the subpoena chilled its First Amendment rights. *Id.* at 10. *First Choice* confirms that this Court has jurisdiction over the Endocrine Society's claims and that the Society's speech and association are chilled by the Federal Trade Commission's CID.

As to jurisdiction, the Supreme Court's opinion refutes the FTC's heavy reliance on *FTC v. Claire Furnace Co.*, 274 U.S. 160 (1927), and *Reisman v. Caplin*, 375 U.S. 440 (1964). *See, e.g.*, Opp. 2, 14. The FTC asserted that those cases mean that "parties should resolve disputes about administrative subpoenas in an enforcement action initiated by the agency." *Id.* at 14. But the Court held that those cases were inapplicable where, as here, "a plaintiff suffers ongoing injuries from the subpoena itself" due to "an actual and ongoing injury to its First Amendment rights." Op. 6, 18 (citing *Media Matters for Am. v. Paxton*, 138 F.4th 563, 582-83 (D.C. Cir. 2025)). The Court rejected New Jersey's argument that the plaintiff nonprofit must wait for

enforcement because "the subpoenas . . . [were] 'non-self-executing,'" noting that a subpoena can "encourage groups . . . to cease or modify protected First Amendment advocacy the government disfavors," "not just when a demand is enforced, but when it is made and for as long as it remains outstanding." *Id.* at 12, 14.  So too here: "the FTC could sit on its CID forever," so the Endocrine Society could not remedy its ongoing harm if forced to await the FTC's enforcement.  Reply 6.

On the merits, the Court's decision eviscerates the FTC's claim that "the possibility of an enforcement action under the FTC Act" does not "demonstrate a chilling effect."  Opp. 35 (internal quotation marks omitted).  Again, New Jersey made a similar argument, contending that "a recipient of a non-self-executing subpoena . . . suffers no injury unless and until a court enforces it." *Id*. at 15.  But as the Court explained, "'[t]he value of a sword of Damocles is that it hangs— not that it drops.'" *Id*.  Thus, "[a]n objectively reasonable recipient of a demand" for information "would be induced . . . to trim its protected advocacy knowing it now stands in the government's crosshairs." *Id.*  That is what the Endocrine Society suffers here.  *See* Mem. 22-23.

Finally, the "commonsense inferences" that the Supreme Court took into account further rebut the FTC's First Amendment arguments.  Op. 12.  In particular, the Court noted that a diverse set of *amici curiae* "filed briefs in this case explaining that, even if a subpoena targeting First Amendment activity is never enforced in court, it will give its targets a very good reason to clam up . . . [and] abandon the cause." *Id.* (internal quotation marks omitted and alteration accepted).  "Worse, . . . officials across the political spectrum have sometimes issued subpoenas and other investigatory demands in order to secure just these results." *Id.* at 13 (internal quotation marks omitted).  The Endocrine Society asserts that "[t]his case fits a disturbing pattern" of federal investigations launched to chill protected activity.  Mem. 17.  *First Choice* confirms that this Court need not blind itself to that pattern when adjudicating the Endocrine Society's motion.

Dated:  April 29, 2026

Respectfully submitted,

*/s/ Raymond P. Tolentino*
Raymond P. Tolentino (D.C. Bar No. 1028781)
Heather Sawyer (D.C. Bar No. 497688)
(*Pro Hac Vice*)
Joshua Revesz (D.D.C. Bar No. 1616617)
Dev P. Ranjan (D.D.C. Bar No. 90019329)
Cooley LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
rtolentino@cooley.com
hsawyer@cooley.com
jrevesz@cooley.com
dranjan@cooley.com

*Counsel for Plaintiff the Endocrine Society*

3